FERDINAND S. HAHN, RESPONDENT, *v*. THE NORTH AMERICAN LIFE INSURANCE COMPANY, APPELLANT.

*Insurance company — contract for payment of agent of — construction of.*

This action was brought by the plaintiff, an insurance agent, to recover the amount due upon a contract made with him by the defendant, which provided that his compensation was to be a commission upon premiums paid to the company on policies procured by him. The contract further provided that said defendant "agrees to advance to the party of the second part (plaintiff), each month, the sum of $175, in addition to the foregoing commissions, such allowance to be charged against his commission account." It also provided that the plaintiff might, upon repaying the sums advanced under the contract, receive an additional commission on premiums.

*Held,* that the monthly advances were to be received by the plaintiff absolutely, in addition to his commissions, and that the same were not to be repaid by him, unless he should elect so to do in order to receive the higher commission.

APPEAL from a judgment entered on the report of a referee.

This action was brought upon a contract to pay the plaintiff a specific compensation for his services as an agent of the defendant. The referee reported in favor of the plaintiff for the sum of $405.52.

*G. N. Kennedy,* for the appellant.

*W. C. Ruger,* for the respondent.

SMITH, J. :

The plaintiff was employed by the defendant as general agent to solicit insurance and collect premiums. The agreement provided that his compensation was to be a certain commission on premiums paid to the company on all policies procured by him, to be paid to him as long as he should continue such agent, and to himself, his heirs or assigns, so long as the premiums should be paid to the company. The agreement contained the following clause, the construction of which is one of the contested points in the case : " The party of the first part " (defendant) " agrees to advance to the party of the second part, each month, the sum of $175 in addition to the foregoing commissions, such allowance to be charged against his commission account." It was also agreed that at such time as the plaintiff might elect, he should receive, after paying the sums advanced on the contract, an additional commission on premiums, at certain rates specified in the contract. It was further provided that either party might cancel the contract at any time, by written notice to either party, after six months from its date.

The appellant's counsel insists the advances were intended as a loan to be repaid by the plaintiff. For the respondent it is contended, that they were to be paid to the plaintiff absolutely, in addition to his commissions, as compensation for his services. We incline to the opinion that they were intended as a payment, conditionally ; that is to say, they were to belong to the plaintiff absolutely, unless he should elect to take a higher rate of commissions, as provided for by the contract, in which case he was to repay the advances. This construction seems reasonable ; it gives effect to every part of the contract, and it accords with the practical interpretation put upon the contract by the parties themselves. The monthly payment was made regularly for five months and a-half, and charged by the defendants in the plaintiff's account. No provision was made in the contract for its repayment, except in case the plaintiff should elect to take the higher rate of commission. The arrangement seems to have proceeded on the idea that, in time, the business would increase to such an extent that the commissions at the greater rate proposed, would be a larger compensation than was first provided. In fact, however, the plaintiff did not avail himself of his right to elect, preferring evidently the old

rate of compensation. On the other hand, the defendants, unwilling to continue that rate, terminated the contract at the end of six months, and offered to enter into another, which discontinued the advance, but gave to the plaintiff commissions at rates equal in all respects to those which he had the privilege of electing to take under the first contract, and in one particular class of premiums, somewhat larger. The offer of the defendant to increase the rate of commissions is inconsistent with the idea that the advances under the first contract were a mere loan. The referee decided in accordance with the construction above indicated, and held correctly, that the plaintiff was entitled to recover the unpaid portion of the monthly stipend, accruing during the six months in which the original contract was in force.

The plaintiff also claimed and recovered for damages alleged to have been occasioned by the voluntary breach of the contract on the part of the defendant, in procuring policies obtained by the plaintiff to be transferred to other companies, or causing them to lapse, thus depriving the plaintiff of his right to commissions upon renewal premiums. The amount recovered on that ground, is $466.38. On a careful examination of the testimony, we do not find any evidence that the defendant was instrumental in procuring any policy procured by the plaintiff, to be transferred or to become lapsed, except the two policies of Bernard Browner. The value of the commissions which the plaintiff was entitled to receive on the premiums payable on those two policies, according to the testimony, was $159.50. The claim should be reduced to that amount. The result is, that after deducting the amount stipulated to be due to the defendant, the recovery should be only ninety-eight dollars and eighty four cents, with interest from the date of the report, July 26, 1876. If the plaintiff consents to reduce to that sum, the judgment so reduced is affirmed, with costs; otherwise it is reversed and a new trial ordered before another referee, costs to abide event.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly